FW 400003907

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| LUZ DE AMOR EYTALIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. TBD |
| NATIONAL ASSOCIATION OF REALTORS (NAR), | ) |
| TEXAS ASSOCIATION OF REALTORS (TAR), | ) 7-24CV-147-O |
| WICHITA FALLS ASSOCIATION OF REALTORS (WFAR), | ) |
| PARAGON MLS CONNECT (MLS), | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. This is a civil action seeking damages and injunctive relief for Defendants' violations of federal civil and antitrust laws, specifically the Sherman Antitrust Act, 15 U.S.C §§ 1-2, and the Clayton Act, 15 U.S.C. § 14, as well for breach of contract, unjust enrichment, discriminatory practices, and for creating a monopolistic system that imposes forced membership. These practices disproportionately affect minority professionals and have resulted in inequitable enforcement of rules and exclusion from fair competition in the real estate industry. Plaintiff Luz de Amor Eytalis, a licensed real estate broker in Wichita Falls, Texas, alleges that Defendants National Association of Realtors (NAR), Texas Association of Realtors (TAR), Wichita Falls Association of Realtors (WFAR), and Paragon MLS Connect (MLS) have engaged in monopolistic practices that unlawfully restrict competition in the real estate market by requiring brokers to join multiple associations as a precondition for accessing MLS services,

imposing a financial burden without proportional benefit and penalizing agencies if members opt to not join the membership impeding their ability to do business.

**PARTIES**

2. Plaintiff, Luz de Amor Eytalis, is a resident of Wichita Falls, Texas, residing at 4809 Reginald Dr, Wichita Falls, Texas 76308. Plaintiff operates as a licensed real estate broker through Strategic Realty and SL Real Estate.

3. Defendant, National Association of Realtors (NAR), is a national trade association for real estate professionals with its principal office located at 500 New Jersey Ave NW, Washington, DC 20001.

4. Defendant, Texas Association of Realtors (TAR), is a state-level trade association with its principal office located at 1115 San Jacinto Blvd., Ste 200, Austin, Texas 78701.

5. Defendants, Paragon Connect MLS Platform (MLS), is a multiple listing services (MLS) provider with offices at 4420 Rosewood Drive, Ste 500, Pleasanton, CA 94588.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under federal law, including the Sherman Antitrust Act (15 U.S.C. §§ 1-2) and the Clayton Act (15 U.S.C. § 14). The Court has supplemental jurisdiction over state law claims of breach of contract and unjust enrichment pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this complaint occurred in this district, and the Defendants conduct business within this district.

**STATEMENT OF FACT**

8. Defendants have established an exclusionary practice, requiring brokers to join multiple associations (NAR, TAR, and WFAR) to gain access to MLS services provided by Paragon, which are essential for conducting real estate transactions.

9. This mandatory membership requirement constitutes an unlawful tying arrangement, as defined in Jefferson Parish Hosp. Dist. No. 2 v. Hyde, 466 U.S. 2 (1984). Brokers must "purchase" association memberships they may not need or want to obtain MLS services.

10. This structure has created an anti-competitive monopoly over MLS services, limiting the market's ability to support alternative trade organizations, thereby stifling competition in violation of the Sherman Act, 15 U.S.C. §§ 1-2.

11. Plaintiff and similarly situated brokers are subject to excessive and unjustified fees due to the forced memberships, as these associations fail to provide proportional value in return for these dues.

12. Plaintiff has experienced a significant financial burden resulting from these forced membership dues and MLS fees, which have diminished her revenue and impeded her business.

13. Defendants' actions, by monopolizing access to essential MLS data, have harmed independent brokers and small, minority-owned businesses disproportionately, further limiting market competition.

14. Defendants' have continued to harass plaintiff with invoices and threatening membership of all agents sponsored if invoices are not paid by specific dates causing distress and hardship.

## COUNTS

### COUNT I: Violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1-2

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

16. Defendants' actions constitute an unreasonable restraint of trade under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, by imposing forced membership requirements on brokers as a condition of accessing MLS services.

17. Defendants' conduct demonstrates monopolistic behavior in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, by using their market power to eliminate competition and maintain exclusive control over MLS access.

### COUNT II: Violation of the Clayton Act, 15 U.S.C. § 14

18. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

19. The forced membership structure constitutes an unlawful tying arrangement in violation of Section 3 of the Clayton Act, 15 U.S.C. § 14, which prohibits arrangements that may substantially lessen competition or create monopolistic dominance in a market.

### COUNT III: Breach of Contract

20. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21. By imposing mandatory memberships, Defendants breached implied contractual obligations to provide equitable value and service proportional to the fees paid by Plaintiff and similarly situated brokers.

22. Defendants have violated the implied covenant of good faith and fair dealing by imposing excessive fees and forced memberships that serve no legitimate business purpose for Plaintiff.

**COUNT IV: Unjust Enrichment**

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

24. Defendants have been unjustly enriched by extracting membership fees and MLS charges from Plaintiff without providing commensurate benefits, in violation of equitable principles of fairness and good conscience.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Luz de Amor Eytalis respectfully requests that this Court grant the following relief:

a. A declaratory judgment that Defendants' forced membership policies and monopolistic practices violate the Sherman Antitrust Act, 15 U.S.C. §§ 1-2, and the Clayton Act, 15 U.S.C. § 14

b. A permanent injunction prohibiting Defendants from continuing their forced membership and tying arrangements

c. An order requiring Defendants to establish alternative MLS systems that are not contingent upon membership in NAR, TAR, or WFAR, and Paragon.

d. An order mandating the establishment of a transparent and impartial dispute resolution system to address complaints brought by members without bias or undue financial burden.

e. Compensatory damages in an amount to be determined at trial, but no less than $5,800,000, to compensate Plaintiff for the harm caused by Defendants' unlawful conduct

f. Punitive damages sufficient to punish Defendants for their egregious conduct and to deter similar future misconduct

g. Restitution for all unjust enrichment, including the refund of excessive fees collected from Plaintiff.

h. Pre-and post-judgment interest at the maximum legal rate on all damages awarded

i. An award of reasonable attorney's fees, costs, and expenses incurred in this action, as deemed just and proper by the Court

j. Any such further relief as this Court deems just and equitable

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Luz de Amor Eytalis*
Luz de Amor Eytalis
Strategic Realty Services
4200 Fairway Blvd
Wichita Falls, TX 76308
940-257-3875
Louallen76@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on November _____, 2024, a true and correct copy of the Plaintiff's Complaint was served on all counsel of record for the Defendants by _____.

Respectfully submitted,

Pro se Plaintiff

_____.
Luz de Amor Eytalis

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Luz de Amor Eytalis

**DEFENDANTS**
WICHITA FALLS ASSOCIATION OF REALTORS
TEXAS ASSOCIATION OF REALTORS

**(b)** County of Residence of First Listed Plaintiff: **WICHITA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **WICHITA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE    7-24CV-147-O

Attorneys *(If Known)*
ANTHONY W. BATES
SHERRILL & GIBSON, PLLC

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [x] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
SHERMAN ANTI-TRUST ACT & CLAYTON ACT

Brief description of cause:
VIOLATION OF SHERMAN ANTI-TRUST & CLAYTON ACT, BREACH OF CONTRACT, UNJUST ENRICHMENT, HARRASSMANT AND THREAT

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 5800000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.