# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| LUZ DE AMOR EYTALIS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NATIONAL ASSOCIATION OF § <br> REALTORS, TEXAS ASSOCIATION OF § <br> REALTORS, WICHITA FALLS § <br> ASSOCIATION OF REALTORS, § <br> PARAGON MLS CONNECT, § <br> § <br> Defendants. § | Civil Action No. 7:24-cv-00147-O-BP |

**DEFENDANTS NATIONAL ASSOCIATION OF REALTORS®, TEXAS ASSOCIATION OF REALTORS®, AND WICHITA FALLS ASSOCIATION OF REALTORS®' <br> <u>BRIEF IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ..........................................................................................................1

II. SUMMARY OF ALLEGATIONS .................................................................................2

III. ARGUMENT ...................................................................................................................3

    A. PLAINTIFF FAILS TO STATE AN ANTITRUST CLAIM ..................................4

        1. Plaintiff Has Not Sufficiently Pled Antitrust Injury—a Requirement to State an Antitrust Claim ..............................................................................4

        2. Plaintiff's Antitrust Claims Fail Because Plaintiff Has Not Pled a Relevant Market .................................................................................................6

        3. Plaintiff's Complaint Fails to State a Claim Under Section 1 of the Sherman Act Because Plaintiff Does Not Plausibly Plead an Agreement Among Defendants ..............................................................................7

        4. Plaintiff's Complaint Fails to State a Claim Under Section 2 of the Sherman Act ........................................................................................8

        5. Plaintiff's Complaint Otherwise Fails to Plausibly Allege a Tying Claim ..9

    B. PLAINTIFF FAILS TO ESTABLISH A PRIMA FACIE CLAIM FOR BREACH OF CONTRACT .................................................................................10

    C. PLAINTIFF FAILS TO ESTABLISH A CLAIM FOR UNJUST ENRICHMENT ...........................................................................................................................11

IV. CONCLUSION .............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apani Sw., Inc. v. Coca Cola Enters.*,
   300 F.3d 620 (5th Cir. 2002) ..................................................................................................6

*Austin Legal Video, LLC v. Deposition Sols., LLC*,
   No. 23-cv-421, 2024 U.S. Dist. LEXIS 128017 (W.D. Tex. July 19, 2024) .............................7

*Avialae S De RL DE CV v. Cummins, Inc.*,
   No. 23-50376, 2024 U.S. App. LEXIS 8126 (5th Cir. 2024) ...................................................3

*Baker v. Great N. Energy, Inc.*,
   64 F. Supp. 3d 965 (N.D. Tex. 2014) .....................................................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................................3, 7

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,
   429 U.S. 477 (1997) ..................................................................................................................4

*Buyer's Corner Realty, Inc. v. N. Ky. Ass'n of Realtors*,
   410 F. Supp. 2d 574, (E.D. Ky.) ...............................................................................................5

*Cargill, Inc. v. Monfort of Colo., Inc.*,
   479 U.S. 104 (1986) ..................................................................................................................4

*Cedra Pharm. Hous. v. Unitedhealth Grp., Inc.*,
   No. 17-cv-3800, 2019 U.S. Dist. LEXIS 55827 (S.D. Tex. Mar. 7, 2019) ...............................7

*Chawla v. Shell Oil Co.*,
   75 F. Supp. 2d 626 (S.D. Tex. 1999) ......................................................................................10

*Clean Water Opportunities, Inc. v. Willamette Valley Co.*,
   759 F. App'x 244 (5th Cir. 2019) .............................................................................................8

*Corr Wireless Commc'ns., L.L.C. v. AT&T, Inc.*,
   893 F. Supp. 2d 789 (N.D. Miss. 2012) ....................................................................................7

*Crossland v. Canteen Corp.*,
   711 F.2d 714 (5th Cir. 1983) ..................................................................................................10

*Doctor's Hosp. of Jefferson, Inc. v. Se. Med. All.*,
   123 F.3d 301 (5th Cir. 1997) ....................................................................................................4

*Dougherty v. U.S. Dep't of Homeland Sec.*,
  No. 22-40665, 2023 U.S. App. LEXIS 24807 (5th Cir. Sept. 19, 2023) ................................. 3

*Ellis v. Pinckley*,
  No. 22-cv-345, 2023 U.S. Dist. LEXIS 118382 (W.D. La. May 25, 2023) ........................... 11

*Findling v. Realcomp II, Ltd.*,
  No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082 (E.D. Mich. Mar. 22, 2018) .................... 5, 9

*Geddie v. Seaton*,
  No. 06-cv-895, 2006 U.S. Dist. LEXIS 55106 (N.D. Tex. Aug. 8, 2006) ............................ 6, 8

*Guardian Flight LLC v. Health Care Serv. Corp.*,
  No. 23-cv-1861, 2024 U.S. Dist. LEXIS 95973 (N.D. Tex. May 30, 2024) ......................... 11

*Harrison v. Medtronic, Inc.*,
  561 F. Supp. 3d 698 (N.D. Tex. 2021) .................................................................................. 3

*Heldenfels Bros., Inc. v. Corpus Christi*,
  832 S.W.2d 39 (Tex. 1992) .................................................................................................. 11

*Jebaco Inc. v. Harrah's Operating Co. Inc.*,
  587 F.3d 314 (5th Cir. 2009) ................................................................................................ 4

*Jefferson Parish Hosp. Dist. No. 2 v. Hyde*,
  466 U.S. 2 (1984) .................................................................................................................. 4

*Jones v. Greninger*,
  188 F.3d 322 (5th Cir. 1999) ................................................................................................ 3

*JSW Steel (USA) Inc. v. Nucor Corp.*,
  586 F. Supp. 3d 585 (S.D. Tex. 2022) .................................................................................. 4

*May v. City of Arlington*,
  398 F. Supp. 3d 68 (N.D. Tex. 2019) .................................................................................... 8

*Pope v. Miss. Real Est. Comm'n*,
  695 F. Supp. 253 (N.D. Miss. 1988) ..................................................................................... 8

*Sanchez v. Bank of S. Tex.*,
  494 F. Supp. 3d 421 (S.D. Tex. 2020) ............................................................................ 11, 12

*Search Int'l, Inc. v. Snelling & Snelling, Inc.*,
  168 F. Supp. 2d 621 (N.D. Tex. 2001) ................................................................................. 5

*Strickland v. Bank of N.Y. Mellon*,
  No. 19-cv-750, 2020 U.S. Dist. LEXIS 669 (N.D. Tex. Jan. 3, 2020) ................................. 10

*Sullivan v. Leor Energy LLC*,
  600 F.3d 542 (5th Cir. 2010) ..................................................................................................11

*Taylor v. Books A Million, Inc.*,
  296 F.3d 376 (5th Cir. 2022) ....................................................................................................3

*Taylor v. Christus St. Joseph Health Sys.*,
  No. 04-cv-153, 2006 U.S. Dist. LEXIS 40031 (E.D. Tex. Mar. 28, 2006) ..............................5

*Theatre Enters., Inc. v. Paramount Film Distrib. Corp.*,
  346 U.S. 537 (1954) ..................................................................................................................7

*United States v. Associated Press*,
  326 U.S. 1 (1945) ......................................................................................................................9

*United States v. Realty Multi-List, Inc.*,
  629 F.2d 1351 (5th Cir. 1980) ..................................................................................................8

*Venture Res. Grp. v. Greater N.J. Reg'l Multiple Listing Serv.*,
  No. 95-cv-0401, 1995 U.S. Dist. LEXIS 21177 (D.N.J. Aug. 23, 1995) ..................................9

*Villarreal v. Wells Fargo Bank, N.A.*,
  814 F.3d 763 (5th Cir. 2016) ..................................................................................................10

**STATUTES AND RULES**

15 U.S.C. § 14 ..................................................................................................................................9

Federal Rule of Civil Procedure Rule 12(b)(6) .........................................................................2, 3

Sherman Act § 1 ..................................................................................................................... *passim*

Sherman Act § 2 ..................................................................................................................4, 5, 7, 8

Defendants National Association of REALTORS®, Texas Association of REALTORS®, and Wichita Falls Association of REALTORS® file this brief in support of their Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 11, "Complaint") ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim and respectfully requests that the Court dismiss Plaintiff's claims with prejudice.

## I.   INTRODUCTION

Plaintiff Luz de Amor Eytalis seeks access to membership and services provided by the National Association of REALTORS®, Texas Association of REALTORS®, and Wichita Falls Association of REALTORS® without paying the dues and fees necessary to access those benefits. To support her legal theories and obtain these benefits and services without paying the necessary fees, Plaintiff filed a complaint based on legal conclusions and conclusory statements without alleging facts supporting the antitrust and common law claims she brings.

Plaintiff claims that the National Association of REALTORS®, Texas Association of REALTORS®, and Wichita Falls Association of REALTORS® violated the antitrust laws by requiring "mandatory" membership in those organizations. Plaintiff does not adequately plead any element of an antitrust violation or plead that Defendants have caused harm to competition.

Plaintiff also alleges that by imposing these "mandatory memberships," Defendants breached implied contractual obligations and were unjustly enriched by the associated fees. These allegations are likewise unsupported by facts. The Complaint contains no allegations about contractual obligations. And even assuming a contractual relationship did exist, Plaintiff pleads no facts about how such a contract was breached, and her vague statements that Defendants do not provide benefits proportional to the fees they charge are insufficient. Nor does Plaintiff allege

1

facts supporting the claim that Defendants were "unjustly enriched." Asserting a subjective opinion about "excessive and unjustified fees" is insufficient.

## II.    SUMMARY OF ALLEGATIONS

Plaintiff Luz de Amor Eytalis brings claims against Defendants National Association of REALTORS® ("NAR"), Texas Association of REALTORS® ("TAR"), and Wichita Falls Association of REALTORS® ("WFAR"). On December 16, 2024, Plaintiff filed a Motion to Amend the Complaint to substitute "Wichita Falls Association of REALTORS® MLS" for "Paragon MLS Connect." ECF No. 19. Neither entity exists.

Plaintiff's Complaint contains seven paragraphs of conclusory and threadbare factual allegations. ECF No. 11 ("Compl."). Plaintiff asserts that Defendants NAR, TAR, and WFAR "have established an exclusionary practice, requiring brokers to join multiple associations (NAR, TAR, and WFAR) to gain access to MLS services provided by Paragon." Compl. ¶ 9. Plaintiff further asserts as "fact" that these membership requirements constitute "tying" because brokers "may not need or want" to have association membership. *Id.* ¶ 10. Plaintiff states that competition has been stifled, but supports that legal conclusion with the conclusory statement that the alleged membership structure has "limit[ed] the market's ability to support alternative trade organizations." *Id.* ¶ 11. Plaintiff alleges no additional facts supporting that conclusion, nor does she include an explanation of "the market" to which she refers.

Plaintiff makes assertions about "excessive and unjustified fees" and that the associations "fail to provide proportional value in return for these dues." *Id.* ¶ 12. She then claims she experienced "significant financial burden" because of these dues. *Id.* ¶ 13. Plaintiff alleges no additional facts to support her claim of the purported lack of value, how such fees are "excessive," or the metric on which she bases her claim. Finally, while focused on Defendants' alleged

wrongdoing, Plaintiff concedes in her Complaint that she has not paid her WFAR invoices; she does not allege that they are not owed under WFAR's bylaws. *Id.* ¶ 15.

## III. ARGUMENT

"To withstand a Rule 12(b)(6) motion to dismiss, a complaint must allege 'more than labels and conclusions,' as 'a formulaic recitation of the elements of a cause of action will not do.'" *Avialae S De RL DE CV v. Cummins, Inc.*, No. 23-50376, 2024 U.S. App. LEXIS 8126, at *4 (5th Cir. Apr. 4, 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (affirming dismissal of claims under Rule 12(b)(6)); *see also Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (affirming dismissal of pro se plaintiff's claims with prejudice for failure to state a claim).

Under *Twombly*, there must be "specificity in pleading before allowing a potentially massive factual controversy to proceed." 550 U.S. at 558 (citation omitted). While a court will "accept well-pleaded facts as true," it will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Harrison v. Medtronic, Inc.*, 561 F. Supp. 3d 698, 703–04, 706 (N.D. Tex. 2021) (dismissing complaint where allegations were "conclusory and thus insufficient" to survive a Rule 12(b)(6) motion to dismiss).

While a pro se complaint is held to a less stringent standard, the Fifth Circuit "has made clear that even for pro se litigants 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Dougherty v. U.S. Dep't of Homeland Sec.*, No. 22-40665, 2023 U.S. App. LEXIS 24807, at *10 (5th Cir. Sept. 19, 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2022)) (affirming dismissal of pro se claims for failure to state a claim).

Even under the less stringent standard afforded pro se litigants, Plaintiff's Complaint fails to set forth any plausible cause of action against Defendants. Plaintiff's Complaint is conclusory

and lacking in sufficient factual allegations, and thus fails to provide a sufficient basis to state a claim or to put Defendants on notice of the basis of the claims brought against them.

### A. PLAINTIFF FAILS TO STATE AN ANTITRUST CLAIM

Plaintiff's antitrust claims under the Sherman and Clayton Acts (Counts I and II) should be dismissed because they lack the required elements under the statute, are supported only by vague and conclusory factual allegations, and are insufficient as a matter of law.

#### 1. Plaintiff Has Not Sufficiently Pled Antitrust Injury—a Requirement to State an Antitrust Claim

Antitrust standing is a threshold pleading-stage requirement. *See Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 319 (5th Cir. 2009) (directing that "[a]ntitrust injury must be established for the plaintiff to have standing under section 1 or section 2 of the Sherman Act" (quoting *Doctor's Hosp. of Jefferson, Inc. v. Se. Med. All.*, 123 F.3d 301, 305 (5th Cir. 1997))); *JSW Steel (USA) Inc. v. Nucor Corp.*, 586 F. Supp. 3d 585, 601 (S.D. Tex. 2022) (holding that plaintiff's failure to plausibly allege antitrust injury required dismissal of Sherman Act claim). An essential element of antitrust standing is "antitrust injury"—that is, injury "of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1997); *see also Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 110 n.5 (1986) (noting that antitrust injury is a "necessary, but not always sufficient" element of antitrust standing).

Plaintiff's Complaint expresses her personal views about how membership in Defendants' organizations should work and how much it should cost. Even if Plaintiff alleged injury to herself in the form of paying fees she believes are too high, she has not alleged an antitrust claim because she has not pled harm to competition. *See Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 16 (1984) (holding that if only a "single purchaser were 'forced' with respect to the purchase of a

tied item" that "would not be sufficient to warrant the concern of antitrust law"); *Findling v. Realcomp II, Ltd.*, No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082, at *7–8 (E.D. Mich. Mar. 22, 2018) ("Although plaintiffs assert standing on the basis that they were forced to purchase an unwanted product—membership in a local REALTOR® association—such 'harm' does not constitute 'antitrust injury' necessary for standing." (citing *Buyer's Corner Realty, Inc. v. N. Ky. Ass'n of Realtors*, 410 F. Supp. 2d 574, 580 (E.D. Ky.), *aff'd*, 198 F. App'x 485 (6th Cir. 2006))).

At best, Plaintiff asserts that Defendants have "limit[ed] the market's ability to support alternative trade organizations" and "limit[ed] market competition." Compl. ¶¶ 11, 14. But antitrust injury cannot be inferred from a conclusory allegation unsupported by facts. *See, e.g.*, *Taylor v. Christus St. Joseph Health Sys.*, No. 04-cv-153, 2006 U.S. Dist. LEXIS 40031, at *5 (E.D. Tex. Mar. 28, 2006) (dismissing complaint for failure to plausibly plead harm to competition rather than harm to the plaintiff and noting that "the Court will not assume facts that the plaintiff has not alleged and is not required to accept the legal conclusions either alleged or inferred by the plaintiff from the pleaded facts"), *aff'd*, 216 F. App'x 410 (5th Cir. 2007); *see also Search Int'l, Inc. v. Snelling & Snelling, Inc.*, 168 F. Supp. 2d 621 (N.D. Tex. 2001) (dismissing antitrust claims with prejudice after noting that plaintiffs offered "absolutely no evidence" to support allegations of an illegal agreement and declining to accept plaintiffs' "conclusory allegations and unwarranted deductions of fact . . . as true" (citation omitted)). And Plaintiff's failure to define a market prevents the Court from inferring market-wide injury. *Findling*, 2018 U.S. Dist. LEXIS 47082, at *6 (dismissing challenge to MLS access requirements due to "vague allegations" from which the court could not "reasonably infer a market-wide injury").

5

### 2. Plaintiff's Antitrust Claims Fail Because Plaintiff Has Not Pled a Relevant Market

To state a claim under either Section 1 or Section 2 of the Sherman Act, Plaintiff must plead a relevant market. Plaintiff claims only that Defendants have "us[ed] their market power to eliminate competition" and that Defendants "maintain exclusive control over MLS services." Compl. ¶ 18. Plaintiff must plead a relevant market—which must comprise geographic and product markets defined by interchangeability and cross-elasticity of demand. *Apani Sw., Inc. v. Coca Cola Enters.*, 300 F.3d 620, 633 (5th Cir. 2002) (affirming dismissal with prejudice of Sherman Act, Clayton Act, and state antitrust claims because plaintiff's market definition was insufficient as a matter of law); *Geddie v. Seaton*, No. 06-cv-895, 2006 U.S. Dist. LEXIS 55106, at *20 (N.D. Tex. Aug. 8, 2006) (dismissing Sherman Act claim of plaintiff who "failed to plead a relevant antitrust market").

The Complaint's sole reference to "MLS services" fails to plead the contours of either a geographic or product market. *See Geddie*, 2006 U.S. Dist. LEXIS 55106, at *20 (dismissing complaint where plaintiff failed to allege facts "with reasonable definiteness" to support identification of relevant geographic and product markets). Nor does the Complaint plead any facts from which to infer that any Defendant possesses monopoly power in any market. Plaintiff states, without any factual support, that Defendants "us[e] their market power." Compl. ¶ 18. Plaintiff's Complaint fails to sufficiently plead market power in a properly defined antitrust market and her antitrust claims should therefore be dismissed. *See Geddie*, 2006 U.S. Dist. LEXIS 55106, at *20–26.

### 3. Plaintiff's Complaint Fails to State a Claim Under Section 1 of the Sherman Act Because Plaintiff Does Not Plausibly Plead an Agreement Among Defendants

The Complaint lacks allegations sufficient to plead the existence of an agreement, which is required to state a claim under Section 1 of the Sherman Act. *See Twombly*, 550 U.S. at 553 ("'[T]he crucial question is whether the challenged anticompetitive conduct 'stem[s] . . . from an agreement, tacit or express.'" (quoting *Theatre Enters., Inc. v. Paramount Film Distrib. Corp.*, 346 U.S. 537, 540 (1954))); *Cedra Pharm. Hous. LLC v. Unitedhealth Grp., Inc.*, No. 17-cv-3800, 2019 U.S. Dist. LEXIS 55827, at *25 (S.D. Tex. Mar. 7, 2019) (dismissing Sherman Act Section 1 claim where plaintiff's allegations "d[id] not support the existence of a conspiracy or agreement").

Plaintiff alleges only that "Defendants have established an exclusionary practice, requiring brokers to join multiple associations (NAR, TAR, and WFAR) to gain access to MLS services provided by Paragon." Compl. ¶ 9. But this statement is insufficient to establish a conspiracy because it lacks any supporting facts about which of the Defendants are involved in the conduct alleged. Plaintiff also cannot establish a conspiracy by generally referring to "Defendants" throughout the Complaint. *See* Compl. ¶ 14 ("Defendants' actions"); *id.* ¶ 15 ("Defendants have continued"); *Austin Legal Video, LLC v. Deposition Sols., LLC*, No. 23-cv-421, 2024 U.S. Dist. LEXIS 128017, at *14 (W.D. Tex. July 19, 2024) ("A plaintiff cannot assemble some collection of defendants and then make vague, non-specific allegations against all of them as a group.").

Because Plaintiff fails to allege an agreement among Defendants related to the challenged conduct, Plaintiff's claim necessarily fails. *See Corr Wireless Commc'ns, L.L.C. v. AT&T, Inc.*, 893 F. Supp. 2d 789, 802 (N.D. Miss. 2012) (dismissing Section 1 claim where plaintiffs failed to provide "factual allegations to plausibly show the existence of an agreement," such as when the agreement happened, who was involved, or "even what such an alleged agreement entailed").

### 4. Plaintiff's Complaint Fails to State a Claim Under Section 2 of the Sherman Act

While the Complaint invokes "monopolization"—by summarily stating that Defendants "demonstrate[] monopolistic behavior in violation of the Sherman Act," Compl. ¶ 18—the Complaint identifies no conduct or practice by any Defendant that is exclusionary. Stating that behavior is "monopolistic" does not make it so. *May v. City of Arlington*, 398 F. Supp. 3d 68, 80 (N.D. Tex. 2019) ("While Plaintiffs have liberally sprinkled their Second Amended Complaint with the correct legal buzzwords, the use of such words alone will not state a claim upon which relief can be granted."). Plaintiff offers nothing more than the conclusion that "brokers are subject to excessive and unjustified fees" (Compl. ¶ 12), but these words are insufficient to state an antitrust claim. *See Pope v. Miss. Real Est. Comm'n*, 695 F. Supp. 253, 268–69 (N.D. Miss. 1988), *aff'd*, 872 F.2d 127 (5th Cir. 1989) (granting summary judgment in favor of defendants because plaintiffs had failed to show that real estate association's dues schedule—which charged member brokerages "based upon their actual size"—was "anti-competitive by being discriminatory or unreasonable"); *see also United States v. Realty Multi-List, Inc.*, 629 F.2d 1351, 1386–87 (5th Cir. 1980).

In addition to failing to sufficiently plead monopoly power, Plaintiff's failure to plead exclusionary conduct is fatal and requires dismissal of her claim. *See Clean Water Opportunities, Inc. v. Willamette Valley Co.*, 759 F. App'x 244, 248 (5th Cir. 2019) (affirming dismissal of Section 2 claim where plaintiff failed to plead exclusionary conduct—i.e., "the creation or maintenance of monopoly by means other than the competition on the merits" with no rational business purpose "other than its adverse effects on competitors"—and did not explain why the court "should deem this economically rational conduct exclusionary" (citation omitted)); *Geddie*, 2006 U.S. Dist. LEXIS 55106, at *21–26 (dismissing Section 2 claims where plaintiff failed to

8

plead any facts from which court could infer exclusionary conduct in restraint of trade prohibited by Section 2).

### 5. Plaintiff's Complaint Otherwise Fails to Plausibly Allege a Tying Claim

The Complaint lacks plausible facts to support Plaintiff's tying claim. Plaintiff claims that "[t]he forced membership structure constitutes an unlawful tying arrangement." Compl. ¶ 20. Beyond the fact that Plaintiff fails to allege a relevant market or harm to competition, it is a "widely recognized" principle "that private organizations may reasonably tie their benefits and services to membership." *Findling*, 2018 U.S. Dist. LEXIS 47082, at *10–11 (citing *United States v. Associated Press*, 326 U.S. 1 (1945)).

Plaintiff does not allege that she would be prevented from having MLS access if she paid the required fees. Although Plaintiff invokes words like "discriminatory," and "inequitable," she does not allege that if she paid the required fees her membership would be at risk. *See id.* at *13 (dismissing tying claim because plaintiff "[n]owhere . . . allege[d] that if he obtained a broker's license and paid his dues defendants would deny his application").

"[M]yriad cases" that have found no antitrust violation when MLS access is provided "to member brokers who have paid reasonable fees." *See, e.g.*, *id.* at *12 & n.5 (collecting cases); *see also id.* at *10 (finding that plaintiff alleged only that "Realcomp is a voluntary trade association with membership benefits"—one of which was "access to the MLS"—and that this, "without more, is not a [Sherman Act] § 1 violation"); *Venture Res. Grp. v. Greater N.J. Reg'l Multiple Listing Serv.*, No. 95-cv-0401, 1995 U.S. Dist. LEXIS 21177, at *8 (D.N.J. Aug. 23, 1995) ("Numerous federal and state courts have declined to hold that an antitrust violation is present where a multiple listing service merely conditions access to the multiple listing service upon membership in a board of REALTORS®.").

Plaintiff's tying claim under the Clayton Act additionally fails because the alleged tying arrangement does not involve the sale or lease of "goods, wares, merchandise, machinery, supplies, or other commodities." 15 U.S.C. § 14; *see also Crossland v. Canteen Corp.*, 711 F.2d 714, 718 n.1 (5th Cir. 1983) ("The Clayton Act requires that both the tying and the tied products be goods."); *Chawla v. Shell Oil Co.*, 75 F. Supp. 2d 626, 644 (S.D. Tex. 1999) (dismissing Clayton Act tying claim involving the alleged "coerced use of services, not merely the purchase or lease of goods").

### B. PLAINTIFF FAILS TO ESTABLISH A PRIMA FACIE CLAIM FOR BREACH OF CONTRACT

Count III must be dismissed because the Complaint does not contain any allegations about a contract, express or implied, that could have been breached. To sustain a breach of contract claim under Texas law, a plaintiff "must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (affirming dismissal of breach of contract claim where, "[a]t no point did [plaintiff] plead facts supporting" one of the elements of her breach of contract claim).

Where, as here, Plaintiff fails to allege any of the elements of a breach of contract claim, the claim must be dismissed. *See Strickland v. Bank of N.Y. Mellon*, No. 19-cv-750, 2020 U.S. Dist. LEXIS 669, at *10, 13 (N.D. Tex. Jan. 3, 2020) (dismissing breach of contract claim where plaintiffs failed to allege "the existence of a contract between them and any defendant," plead any "performance by them, assuming there was a contract," and failed to identify "any specific provision of any alleged contract that was breached," which meant the claim amounted to "nothing more than bare legal conclusions unsupported by any factual underpinnings").

Even if Plaintiff did plead the existence of a contract, Plaintiff's Complaint lacks a single factual allegation supporting breach. *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014) (dismissing plaintiff's breach of contract claim after recognizing that, "as a general rule a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant" (internal quotations omitted)); *Ellis v. Pinckley*, No. 22-cv-345, 2023 U.S. Dist. LEXIS 118382, at *20 (W.D. La. May 25, 2023) (dismissing plaintiff's breach of contract claim where claim was based on a single "conclusory allegation . . . devoid of any factual support").

### C.  PLAINTIFF FAILS TO ESTABLISH A CLAIM FOR UNJUST ENRICHMENT

Most Texas courts do not recognize unjust enrichment as an independent cause of action under Texas law. *See, e.g.*, *Guardian Flight LLC v. Health Care Serv. Corp.*, No. 23-cv-1861, 2024 U.S. Dist. LEXIS 95973, at *16 (N.D. Tex. May 30, 2024).  Nonetheless, "[a] plaintiff may recover under an unjust enrichment theory 'when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 550 (5th Cir. 2010) (quoting *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)) (affirming dismissal of "meritless" unjust enrichment claim where plaintiff "alleged no facts suggesting that [defendant] was unjustly enriched when [defendant] paid [plaintiff] only a salary for [plaintiff's] services").

The extent of Plaintiff's allegations in support of unjust enrichment are that Defendants "fail to provide proportional value in return for [membership] dues," Compl. ¶ 12, and that "Defendants have been unjustly enriched by extracting membership fees and MLS charges from Plaintiff without providing commensurate benefits," *id.* ¶ 25.  These conclusory allegations are insufficient to establish that Defendants obtained a benefit from Plaintiff by "fraud, duress, or undue advantage," and therefore cannot suffice to state a claim for unjust enrichment. *See Sanchez*

11

*v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 441 (S.D. Tex. 2020) (granting motion to dismiss unjust enrichment claim and dismissing claim with prejudice).

Plaintiff claims that "Defendants have been unjustly enriched by extracting membership fees. Compl. ¶ 25. But Plaintiff also fails to plead how it is unreasonable for Defendants to retain membership fees for services they provide, which is fatal to her claim. *Sanchez*, 494 F. Supp. 3d at 441–40 (finding that defendants' retention of fees was "neither an undue advantage nor unconscionable" because unjust enrichment "necessitates some affront to 'the sense of justice, decency, or reasonableness'" (internal quotations omitted)).

Plaintiff fails to sufficiently plead a claim for unjust enrichment, and Count IV must therefore be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, the Complaint should be dismissed with prejudice, in its entirety, as to all Defendants.

Dated:  December 18, 2024

                                                WHITE & CASE LLP

                                                */s/ Sean Gorman*
                                                Sean Gorman
                                                Texas Bar No. 08218100

                                                609 Main St., Suite 2900
                                                Houston, TX 77002
                                                Tel: (713) 496-9700
                                                Fax: (713) 496-9701
                                                sean.gorman@whitecase.com

                                                *Counsel for Defendants National*
                                                *Association of REALTORS® and*
                                                *Wichita Falls Association of REALTORS®*

                                                HUSCH BLACKWELL

*/s/ Chalon N. Clark*
Chalon N. Clark
Texas Bar No. 24050045

1900 N. Pearl Street, Suite 1800
Dallas, TX 75201
Tel: (214) 999-6100
Fax: (214) 999-6170
chalon.clark@huschblackwell.com

*Counsel for Defendant Texas Association of REALTORS®*

13