IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **LUZ DE AMOR EYTALIS** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil No. 7-24CV-147-0 |
| **NATIONAL ASSOCIATION OF REALTORS (NAR),** | ) |
| **TEXAS ASSOCIATION OF REALTORS (TAR),** | ) |
| **WICHITA FALLS ASSOCIATION OF REALTORS (WFAR),** | ) |
| **WICHITA FALLS ASSOCIATION OF REALTORS MLS.** | ) |
| **(WFMLS)** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1.      This is a civil action seeking damages and injunctive relief for Defendants' violations of federal civil and antitrust laws, specifically the Sherman Antitrust Act, 15 U.S.C §§ 1-2, and the Clayton Act, 15 U.S.C. § 14, as well for breach of contract, unjust enrichment, discriminatory practices, and for creating a monopolistic system that imposes forced membership. These practices disproportionately affect minority professionals and have resulted in inequitable enforcement of rules and exclusion from fair competition in the real estate industry. Plaintiff Luz de Amor Eytalis, a licensed real estate broker in Wichita Falls, Texas, alleges that Defendants National Association of Realtors (NAR), Texas Association of Realtors (TAR), Wichita Falls Association of Realtors (WFAR), and Wichita Falls Association of Realtors MLS (MLS) have engaged in monopolistic practices that unlawfully restrict competition in the real estate market by requiring brokers to join multiple associations as a precondition for accessing MLS services, imposing a financial burden without proportional benefit and penalizing agencies if members opt to not join the membership impeding their ability to do business.

**PARTIES**

2. Plaintiff, Luz de Amor Eytalis, is a resident of Wichita Falls, Texas, residing at 4809 Reginald Dr, Wichita Falls, Texas 76308. Plaintiff operates as a licensed real estate broker through Strategic Realty and SL Real Estate.

3. Defendant, National Association of Realtors (NAR), is a national trade association for real estate professionals with its principal office located at 500 New Jersey Ave NW, Washington, DC 20001.

4. Defendant, Texas Association of Realtors (TAR), is a state-level trade association with its principal office located at 1115 San Jacinto Blvd., Ste 200, Austin, Texas 78701.

5. Defendant, Wichita Falls Association of Realtors (WFAR), a local association and MLS provider in Wichita Falls, Texas, with its principal office at 4007 Call Field Rd, STE B, Wichita Falls, Texas 76308

6. Defendants, Wichita Falls Association of Realtors MLS (WFMLS), a local MLS provider in Wichita Falls, Texas, with its principal office at 4007 Call Field Rd, STE B, Wichita Falls, Texas 76308.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under federal law, including the Sherman Antitrust Act (15 U.S.C. §§ 1-2) and the Clayton Act (15 U.S.C. § 14). The Court has supplemental jurisdiction over state law claims of breach of contract and unjust enrichment pursuant to 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this complaint occurred in this district, and the Defendants conduct business within this district.

**STATEMENT OF FACT**

9. Defendants have established an exclusionary practice, requiring brokers to join multiple associations (NAR, TAR, and WFAR) to gain access to MLS services provided by WFMLS, which are essential for conducting real estate transactions.

10. This mandatory membership requirement constitutes an unlawful tying arrangement, as defined in Jefferson Parish Hosp. Dist. No. 2 v. Hyde, 466 U.S. 2 (1984). Brokers must "purchase" association memberships they may not need or want to obtain MLS services.

11. This structure has created an anti-competitive monopoly over MLS services, limiting the market's ability to support alternative trade organizations, thereby stifling competition in violation of the Sherman Act, 15 U.S.C. §§ 1-2.

12. Plaintiff and similarly situated brokers are subject to excessive and unjustified fees due to the forced memberships, as these associations fail to provide proportional value in return for these dues.

13. Plaintiff has experienced a significant financial burden resulting from these forced membership dues and MLS fees, which have diminished her revenue and impeded her business.

14. Defendants' actions, by monopolizing access to essential MLS data, have harmed independent brokers and small, minority-owned businesses disproportionately, further limiting market competition.

15. Defendants' have continued to harass plaintiff with invoices and threatening membership of all agents sponsored if invoices are not paid by specific dates causing distress and hardship.

**COUNTS**

**COUNT I: Violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1-2**

16. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

17. Defendants' actions constitute an unreasonable restraint of trade under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, by imposing forced membership requirements on brokers as a condition of accessing MLS services.

18. Defendants' conduct demonstrates monopolistic behavior in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, by using their market power to eliminate competition and maintain exclusive control over MLS access.

**COUNT II: Violation of the Clayton Act, 15 U.S.C. § 14**

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

20. The forced membership structure constitutes an unlawful tying arrangement in violation of Section 3 of the Clayton Act, 15 U.S.C. § 14, which prohibits arrangements that may substantially lessen competition or create monopolistic dominance in a market.

**COUNT III: Breach of Contract**

21. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22. By imposing mandatory memberships, Defendants breached implied contractual obligations to provide equitable value and service proportional to the fees paid by Plaintiff and similarly situated brokers.

23. Defendants have violated the implied covenant of good faith and fair dealing by imposing excessive fees and forced memberships that serve no legitimate business purpose for Plaintiff.

**COUNT IV: Unjust Enrichment**

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25. Defendants have been unjustly enriched by extracting membership fees and MLS charges from Plaintiff without providing commensurate benefits, in violation of equitable principles of fairness and good conscience.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Luz de Amor Eytalis respectfully requests that this Court grant the following relief:

a. A declaratory judgment that Defendants' forced membership policies and monopolistic practices violate the Sherman Antitrust Act, 15 U.S.C. §§ 1-2, and the Clayton Act, 15 U.S.C. § 14

b. A permanent injunction prohibiting Defendants from continuing their forced membership and tying arrangements

c. An order requiring Defendants to establish alternative MLS systems that are not contingent upon membership in NAR, TAR, or WFAR, and WFMLS.

d. An order mandating the establishment of a transparent and impartial dispute resolution system to address complaints brought by members without bias or undue financial burden.

e. Compensatory damages in an amount to be determined at trial, but no less than

$5,800,000, to compensate Plaintiff for the harm caused by Defendants' unlawful conduct

  f. Punitive damages sufficient to punish Defendants for their egregious conduct and

to deter similar future misconduct

  g. Restitution for all unjust enrichment, including the refund of excessive fees

collected from Plaintiff.

  h. Pre-and post-judgment interest at the maximum legal rate on all damages awarded

  i. An award of reasonable attorney's fees, costs, and expenses incurred in this action, as

deemed just and proper by the Court

  j. Any such further relief as this Court deems just and equitable

**JURY TRIAL DEMAND**

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

trial by jury on all issues so triable.

Respectfully submitted,

Luz de Amor Eytalis
Strategic Realty Services
4200 Fairway Blvd
Wichita Falls, TX 76308
940-257-3875
Louallen76@gmail.com


**CERTIFICATE OF SERVICE**

I hereby certify that on November _____, 2024, a true and correct copy of the Plaintiff's

Complaint was served on all counsel of record for the Defendants by  CERTIFIED MAIL  .

Respectfully submitted,

Pro se Plaintiff

_____. Luz de Amor Eytalis