IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **LUZ DE AMOR EYTALIS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | No. 7:24-cv-00147-O-BP |
| § | |
| **NATIONAL ASSOCIATION** § | |
| **OF REALTORS,** *et al.***,** § | |
| § | |
| **Defendants.** § | |

## ORDER

Before the Court are Plaintiff's Motion for Leave to Amend Complaint filed by Luz de Amor Eytalis on January 1, 2025 (ECF Nos. 34, 42), Plaintiff's Supplemental Motion to Attach Amended Complaint filed on January 12, 2025 (ECF No. 40), Certificate of Conference filed on January 15, 2025 (ECF Nos. 43), and Defendants' National Association of Realtors ("NAR"), Texas Association of Realtors ("TAR"), Wichita Falls Association of Realtors ("WFAR") Response in Opposition filed on January 22, 2025 (ECF No. 49).The Motion to Amend seeks leave to amend the Complaint "to address factual clarifications and add specificity." ECF No. 34 at 16. Also before the Court is a Motion to Dismiss filed by Defendants NAR, TAR, and WFAR on December 18, 2024 (ECF No. 25).

Federal Rule of Civil Procedure 15(a) provides that the Court must freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). The Fifth Circuit has noted that the rule "evinces a bias in favor of granting leave to amend," and that "[u]nless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Stripling v. Jordan Production Co., LLC*; 234 F.3d 863, 872 (5th Cir. 2000) (*quoting Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1990)).

Though Eytalis amended her complaint twice already, the Court sees no substantial reason to deny the plaintiff leave to amend her complaint because the previous amendments did not substantively change the nature of her complaint.

Thus, after reviewing the Motion and applicable legal authorities, and for good cause shown, the Court **GRANTS** the Motion for Leave to Amend Complaint (ECF Nos. 34, 42).

Accordingly, the Court **ORDERS** that the plaintiff's Third Amended Complaint previously filed as ECF No. 40-1 at 5-21, is deemed filed on this date, and the Clerk of Court shall note the filing on the docket sheet in this case. Additionally, the Court **DEEMS** the Motion to Dismiss (ECF No. 25) **AS MOOT** because it does not respond to the recently amended complaint. Defendants **SHALL FILE** an amended motion to dismiss or pleading in response to Plaintiff's Third Amended Complaint on or before February 6, 2025.

It is so **ORDERED** on January 23, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE