IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **LUZ DE AMOR EYTALIS,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | No. 7:24-cv-00147-O-BP |
| **NATIONAL ASSOCIATION OF REALTORS,** *et al.*, | § § § § | |
| **Defendants.** | § | |

# ORDER

Before the Court is Plaintiff's Motion for Leave to File a Sur-Reply to Defendants' Reply in Support of its Motion to Dismiss and supporting brief filed on February 6, 2025. ECF Nos. 52, 53. After reviewing the Motion, brief, related pleadings, and relevant legal authorities, the Court **DENIES** the Motion.

Local Civil Rule 7.1 permits a single response by the nonmovant and a single reply by the movant once a motion is filed. *See* N.D. Tex. L. Civ. R. 7.1. Sur-replies are highly disfavored because they are usually a strategic effort by the nonmovant to have the last word on the motion. The purpose of filing a reply "is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Info–Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07-cv-0937-P, 2008 WL 5552245, at *8 (N.D. Tex. Dec. 31, 2008) (citation and quotations omitted). Accordingly, "a court generally will not consider arguments raised for the first time in a reply brief." *Penn. Gen. Ins. Co. v. Story*, No. 3:03-cv-0330-G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) (citations omitted). "When new arguments are raised, a court may strike the ... arguments or it may grant the opposing party leave to file a Sur-reply." *White v. City of Red Oak,*

*Tex.*, No. 3:13-cv-4477-P, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) (citing *Penn. Gen. Ins. Co.*, 2002 WL 21435511, at *1). Leave to file a sur-reply is unwarranted, however, where the proposed sur-reply merely restates the arguments made in the party's initial response. *See*, *e.g.*, *Williams v. Aviall Serv. Inc.*, 76 F. App'x 534, 535 (5th Cir. 2003) (affirming the denial of a party's motion for leave to file a sur-reply because the sur-reply did not include new arguments or evidence); *Berkman v. City of Keene*, No. 3:10-cv-2378-B, 2011 WL 3268214, at *5 (N.D. Tex. July 29, 2011) (denying a party's motion for leave to file a sur-reply because the proposed sur-reply involved no new issues).

Defendants' reply includes no new arguments and merely addresses the arguments asserted in Plaintiff's response. ECF Nos. 56, 54. Further, Plaintiff's sur-reply "merely restates the arguments made in [its] initial response." *Williams*, 76 F. App'x at 535.

Accordingly, the Court **DENIES** Plaintiff's Motion for Leave to File a Sur-Reply to Defendants' Reply in Support of its Motion to Dismiss. ECF No. 57.

It is so **ORDERED** on February 24, 2025.

                                                                                                                _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE