IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **LUZ DE AMOR EYTALIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 7:24-cv-00147-O-BP |
| | § | |
| **NATIONAL ASSOCIATION** | § | |
| **OF REALTORS,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

On March 3, 2025, the *pro se* plaintiff Luz De Amor Eytalis, filed a document that purported to be a Certificate of Service. ECF No. 62. It appears that Plaintiff personally mailed the summons to defendant Wichita Falls Association of Realtors MLS (WFMLS), by United States Postal Service certified mail, return receipt requested. *Id.* But a plaintiff may not serve the summons and complaint herself. "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). A plaintiff may also serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In Texas, "*no person who is a party to or interested in the outcome of a suit* may serve any process in that suit[.]" Tex. R. Civ. P. 103 (emphasis added).

The record does not reflect that Plaintiff has properly served Defendant, WFMLS, with a Summons and the Complaint under the Federal Rules of Civil Procedure. The Court cautions Plaintiff that the Court may dismiss the action without prejudice against WFMLS if she does not properly serve the Defendant before March 11, 2025, in accordance with the Court's previous Order. *See* ECF No. 59; Fed. R. Civ. P. 4(m).

It is so **ORDERED** on March 4, 2025.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE