# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| LUZ DE AMOR EYTALIS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NATIONAL ASSOCIATION OF § <br> REALTORS, TEXAS ASSOCIATION OF § <br> REALTORS, WICHITA FALLS § <br> ASSOCIATION OF REALTORS, WICHITA § <br> FALLS ASSOCIATION OF REALTORS § <br> MLS, § <br> § <br> Defendants. | Civil Action No. 7:24-cv-00147-O-BP |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

**TABLE OF CONTENTS**

I.   INTRODUCTION ..........................................................................................................1
II.  STATEMENT OF FACTS ............................................................................................2
III. ARGUMENT .................................................................................................................3
    A.  PLAINTIFF'S OBJECTIONS DO NOT UNDERMINE MAGISTRATE JUDGE RAY'S CORRECT CONCLUSION THAT PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ...................................................................3
    B.  PLAINTIFF'S IMPROPER ATTEMPTS TO RAISE UNPLED AND IRRELEVANT FACTS DO NOT UNDERMINE MAGISTRATE JUDGE RAY'S CORRECT CONCLUSION THAT PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ...................................................................................7
IV.  CONCLUSION..............................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apani Southwest, Inc. v. Coca-Cola Enters.*,
    300 F.3d 620 (5th Cir. 2002) ...................................................................................................5

*Battle v. U.S. Parole Comm'n*,
    834 F.2d 419 (5th Cir. 1987) ...................................................................................................3

*Cupit v. Whitley*,
    28 F.3d 532 (5th Cir. 1994) .....................................................................................................8

*Findling v. Realcomp II, Ltd.*,
    No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082 (E.D. Mich. Mar. 22, 2018) ........................6

*Fryman v. Dudek*,
    24-cv-13, 2025 WL 826894 (W.D. Tex. Feb. 28, 2025) ..........................................................8

*Manning v. Merrill Lynch Pierce Fenner & Smith Inc.*,
    No. 23-cv-475, 2024 U.S. Dist. LEXIS 133610 (E.D. Tex. July 29, 2024) .............................8

*Martin v. Taylor Cty.*,
    No. 23-cv-052, 2024 U.S. Dist. LEXIS 38963 (N.D. Tex. Mar. 6, 2024) ................................3

*Mays v. Archer Daniels Midland Co.*,
    No. 23-cv-1107, 2023 U.S. Dist. LEXIS 138058 (W.D. Tenn. Aug. 8, 2023) .........................9

*Robinson v. Lansford*,
    No. 01-cv-401, 2001 U.S. Dist. LEXIS 19428 (N.D. Tex. Nov. 28, 2001) ..............................4

*Salazar v. U.T.M.B. C.M.C.*,
    No. 19-cv-124, 2020 U.S. Dist. LEXIS 177311 (N.D. Tex. Sept. 28, 2020) ...........................6

*Thompson v. Bumpas*,
    No. 4:22-cv-0640, 2022 U.S. Dist. LEXIS 223121 (N.D. Tex. Dec. 12, 2022) .......................3

*United States v. Armstrong*,
    951 F.2d 626 (5th Cir. 1992) ...................................................................................................8

*Williams v. K&B Equip. Co.*,
    724 F.2d 511 (5th Cir. 1984) ...................................................................................................3

## STATUTES AND RULES

Fed. R. Civ. P. 72(b)(2), (3) ..............................................................................................3, 4, 5, 6

**I.     INTRODUCTION**

Magistrate Judge Ray properly finds that despite having the opportunity to file four complaints (including one filed after Defendants moved to dismiss), Plaintiff's allegations that she must pay the required fees for agents in her brokerage to participate in the Wichita Falls multiple listing service and to access the associations' services do not state a federal antitrust claim.

Magistrate Judge Ray thoroughly evaluates Plaintiff's allegations and determines that Plaintiff already pled her best case as to her federal antitrust claims but still failed to allege fundamental elements of those claims—antitrust injury, a legally supported market, an agreement to restrain trade, or a tying arrangement—and therefore that dismissal with prejudice is appropriate. Magistrate Judge Ray also correctly recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

In her Objections, Plaintiff does not identify any legitimate legal errors, nor does she cite allegations in her Third Amended Complaint that resolve the deficiencies that Magistrate Judge Ray identifies. Plaintiff instead rests on two points—not included in the Third Amended Complaint and not raised before Magistrate Judge Ray—to support her argument against adopting Magistrate Judge Ray's Findings and/or for providing Plaintiff leave to amend: (1) an anecdote about another broker—not Plaintiff—that would be insufficient to sustain her Third Amended Complaint even if those allegations were included in it, and (2) reciting that there have been other unrelated complaints filed in different courts by different plaintiffs and involving different defendants. But these facts are not new, are procedurally improper, and would not solve the pleading deficiencies at issue.

Plaintiff's Objections do not identify a single issue on which Magistrate Judge Ray reaches the wrong conclusion and Plaintiff's Objections should be overruled. This Court should adopt Magistrate Judge Ray's Findings and Conclusions and dismiss Plaintiff's claims.

## II.     STATEMENT OF FACTS

Plaintiff has had four opportunities to plead her claims.  ECF Nos. 1, 11, 36, 51.  Before filing the operative Third Amended Complaint on January 23, 2025 (ECF No. 51, "TAC"), Plaintiff had the benefit of the first motion to dismiss filed by Defendants National Association of REALTORS® ("NAR"), Texas Association of REALTORS® ("TR"), and Wichita Falls Association of REALTORS® ("WFAR").  *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge at 17 (June 9, 2025), ECF No. 73 ("Findings").  Defendants moved to dismiss the TAC on February 6, 2025.  ECF No. 52 ("Defs.' MTD").

On June 9, 2025, Magistrate Judge Ray issued Findings in which he recommends granting Defendants' Motion to Dismiss the TAC.  Findings at 17.  Magistrate Judge Ray recommends dismissal of Plaintiff's claims under the Sherman Act and Clayton Act with prejudice and recommends dismissal of Plaintiff's remaining state law claims without prejudice. *Id.*  Magistrate Judge Ray finds that as to her Sherman Act claim, Plaintiff failed to demonstrate an antitrust injury, failed to plead facts to identify a legally supported market, failed to plead an agreement between Defendants to restrain trade, and failed to provide facts to support a tying arrangement.  *Id.* at 7–15.  Magistrate Judge Ray also finds that Plaintiff's claims involve multiple listing service ("MLS") services, not commodities, requiring dismissal of her claims under the Clayton Act.  *Id.* at 6–7. Magistrate Judge Ray recommends that the federal law claims should be dismissed without leave to amend.  *Id.* at 16–17.  Magistrate Judge Ray also recommends that, because the Court should dismiss Plaintiff's federal law claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law contract and unjust enrichment claims.  *Id.* at 16.

On June 13, 2025, Plaintiff filed her objections to Magistrate Judge Ray's Findings.  ECF No. 74 ("Objections").  Plaintiff's Objections do not show that any of Magistrate Judge Ray's

2

Findings were in error, and Plaintiff improperly introduces new arguments and purported facts not alleged in any of her four complaints.

### III. ARGUMENT

Objections to a magistrate judge's findings, conclusions, and recommendation must be "sufficiently specific to put the district court on notice of the urged error." *Thompson v. Bumpas*, No. 4:22-cv-0640, 2022 U.S. Dist. LEXIS 223121, at *1–2 (N.D. Tex. Dec. 12, 2022) (quoting *Williams v. K&B Equip. Co.*, 724 F.2d 511 (5th Cir. 1984)); Fed. R. Civ. P. 72(b)(2). The district court does not have to consider "frivolous, conclusory, or general objections." *Martin v. Taylor Cty.*, No. 23-cv-052, 2024 U.S. Dist. LEXIS 38963, at *4 (N.D. Tex. Mar. 6, 2024) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (overruling pro se plaintiff's objections and adopting magistrate judge's findings and recommendations in full). If a portion of a magistrate judge's disposition has been properly objected to, the district judge determines the issue do novo. Fed. R. Civ. P. 72(b)(3).

Here, Plaintiff disagrees with various portions of Magistrate Judge Ray's Findings but does not identify any legal or factual errors. Moreover, Plaintiff's Objections largely rely on factual statements that were not alleged in her TAC and would not cure the deficiencies at issue. Plaintiff's Objections are irrelevant, improper, and cast no doubt on Magistrate Judge Ray's Findings. This Court should overrule Plaintiff's Objections and adopt Magistrate Judge Ray's Findings.

### A. PLAINTIFF'S OBJECTIONS DO NOT UNDERMINE MAGISTRATE JUDGE RAY'S CORRECT CONCLUSION THAT PLAINTIFF'S CLAIMS SHOULD BE DISMISSED

Magistrate Judge Ray correctly concludes that Plaintiff's federal antitrust claims under the Clayton Act and Sherman Act should be dismissed with prejudice because Plaintiff failed to plead plausible facts to satisfy fundamental elements of her claims.

*Antitrust Injury*. Magistrate Judge Ray determines that Plaintiff failed to plead antitrust injury—an essential element of Plaintiff's Sherman Act claim. *See* Findings at 7–10. Magistrate Judge Ray finds that "Eytalis has not properly pleaded antitrust injury because she fails to plead injury to competition, as opposed to only injury to herself," because the TAC contains only "[Plaintiff's] own injuries arising from Defendants' rules concerning non-member annual dues for agents" and Plaintiff "[i]n no way . . . connect[s] this injury to a negative impact on competition in any relevant market." *Id.* at 9. Magistrate Judge Ray finds that Plaintiff's vague and conclusory statements of harm "do not suffice as facts in support of a claim under *Iqbal*." *Id.* Instead of addressing why these Findings on antitrust injury were supposedly incorrect as required under Rule 72(b)(2), Plaintiff describes the anecdotal "experience" of an unrelated broker (not pled in the TAC) and lists complaints filed in different jurisdictions, and involving different facts, geographies, and parties. *See* Objections at 3–4.

As described further below (§ III.B), these "facts" do not constitute an amendment of the TAC or otherwise remedy flaws in the TAC. *See Robinson v. Lansford*, No. 01-cv-401, 2001 U.S. Dist. LEXIS 19428, at *2–3 (N.D. Tex. Nov. 28, 2001) (declining to consider new facts offered in objection to magistrate judge's R&R because "additional facts . . . do not constitute an amendment to a complaint or otherwise remedy its flaws," and overruling objection and adopting R&R). Nor would these "facts" help Plaintiff show antitrust injury. Plaintiff argues that the list of unrelated complaints in other courts "illustrate the TAC's claims of systemic harm and support the need for amendment, not to establish Defendants' liability." Objections at 4. But Plaintiff does not show how these complaints or this other broker's experience "connect [Plaintiff's own injuries] to a negative impact on competition in any relevant market." Findings at 9.

4

***Relevant Market.*** Magistrate Judge Ray properly concludes that Plaintiff failed to plead a relevant market. Findings at 11. Specifically, Magistrate Judge Ray finds that Plaintiff pled no facts to support a product market as she failed to describe the reasonable interchangeability of a multiple listing service. *Id.* Plaintiff's response is to accuse Magistrate Judge Ray of "demanding specificity beyond pleading." Objections at 5. But this is an insufficient objection under Rule 72(b)(2). The "specificity" Magistrate Judge Ray demands is only what is required to state a claim. *See Apani Sw., Inc. v. Coca-Cola Enters.*, 300 F.3d 620, 626 (5th Cir. 2002) ("In ascertaining the relevant product market, courts consider the extent to which the seller's product is 'interchangeable in use' and the degree of 'cross-elasticity of demand between the product itself and substitutes for it.'" (citation omitted)). Plaintiff concedes as much by referring to the SSNIP test of whether "a hypothetical monopolist could impose a 'small but significant and non-transitory increase in price'" to define a relevant market but cites no allegations in the TAC supporting an SSNIP analysis, or anything like it. Objections at 5. Plaintiff again includes a laundry list of unrelated complaints that she argues somehow support her claim. *Id.* Those out-of-context complaint citations add nothing to the product market analysis here. Plaintiff has not cast doubt on Magistrate Judge Ray's Findings that Plaintiff failed to plead a relevant market.

Additionally, Plaintiff has not pled sufficient facts to show a plausible geographic market, which also requires dismissal of her claim. Findings at 12; Defs.' MTD at 15.

***No Agreement Among Defendants.*** As to Plaintiff's Sherman Act § 1 claim, Magistrate Judge Ray identifies that the TAC "is devoid of facts to support a conclusion that NAR, TAR, or WFAR agreed to restrain trade." Findings at 13. Magistrate Judge Ray finds that the TAC lacks facts to show that Defendants' actions were unlawful, including intent to engage in a conspiracy. *Id.* Plaintiff's sole objection is that Magistrate Judge Ray supposedly "overlooks the TAC's

5

allegation that NAR's policies are enforced by TR and WFAR, forming a concerted scheme." Objections at 6. This is wrong. Magistrate Judge Ray explains that Plaintiff "pleads conclusions" but does not plead facts supporting that there was an agreement in restraint of trade. Findings at 13. Plaintiff's statement that the unrelated complaints "challenge similar by-law driven policies, suggesting coordination" (Objections at 6), is baseless—those complaints do not involve two out of three Defendants in *this* action so it is implausible they support an agreement among Defendants.

*Tying Claim.* Magistrate Judge Ray substantively analyzes Plaintiff's tying claim under the Sherman Act and determines that it too should be dismissed. *See* Findings at 14. Specifically, Magistrate Judge Ray finds that Plaintiff did not plead a *per se* tying claim because she failed to properly define the parameters of two distinct markets. *Id.* at 15. Magistrate Judge Ray's decision is consistent with other cases holding that challenges to requirements to participate in MLSs should be analyzed pursuant to the rule of reason. *See* Defs.' MTD at 17.

Magistrate Judge Ray further holds that a rule-of-reason tying claim also fails because Plaintiff has not pled injury to competition. Findings at 15. As Defendants argued in their motion to dismiss, Plaintiff alleges no facts showing harm in the market for the allegedly tied product—association membership. Defs.' MTD at 17–18 (citing *Findling v. Realcomp II, Ltd.*, No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082, at *7, *10 (E.D. Mich. Mar. 22, 2018) (dismissing tying allegation when plaintiff failed to allege that "tying of access to the MLS to membership in a defendant real estate association foreclosed other sales")). Even the new points Plaintiff raises in her Objections do not address this key aspect of her claim. Plaintiff argues that the Findings "mischaracterize" Plaintiff's tying claim—but this too is insufficient under Rule 72(b)(2) because Plaintiff has not articulated a different tying claim. Objections at 6. Instead, Plaintiff recites her conclusory TAC allegations, which are insufficient to overcome the Findings. *See Salazar v.*

6

*U.T.M.B. C.M.C.*, No. 19-cv-124, 2020 U.S. Dist. LEXIS 177311, at *9 (N.D. Tex. Sept. 28, 2020) (overruling objections that "simply restate, in longer form, his original claims without addressing the Magistrate Judge's findings").  Nor does Plaintiff's improper reference to facts outside the TAC involving another broker and her citation of complaints filed in different jurisdictions involving different facts, geographies, and parties cure the deficiencies Magistrate Judge Ray identifies in the Findings.  Objections at 6.

*Clayton Act*.  Magistrate Judge Ray correctly concludes that Plaintiff cannot state a claim under the Clayton Act because her claims relate to services, not goods.  *See* Findings at 6–7.  Plaintiff does not challenge this conclusion, and to the extent Plaintiff suggests that Magistrate Judge Ray's finding on the Clayton Act claim impacted Magistrate Judge Ray's analysis of the Sherman Act claim (Objections at 7), that is without basis because Magistrate Judge Ray thoroughly addressed Plaintiff's Sherman Act arguments, as discussed above.

*Supplemental Jurisdiction*.  Finally, Magistrate Judge Ray finds that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  Findings at 16.  Plaintiff does not challenge this finding—she argues that the state law claims should be retained if the federal claims proceed.  Objections at 9.  The federal claims should be dismissed and the Court should not exercise supplemental jurisdiction over the remaining state law claims.

    **B.**    **PLAINTIFF'S IMPROPER ATTEMPTS TO RAISE UNPLED AND IRRELEVANT FACTS DO NOT UNDERMINE MAGISTRATE JUDGE RAY'S CORRECT CONCLUSION THAT PLAINTIFF'S CLAIMS SHOULD BE DISMISSED**

As Magistrate Judge Ray notes, Plaintiff "has had several opportunities to plead facts showing that Defendants violated federal law."  Findings at 17.  Plaintiff's Objections include irrelevant facts that were not previously raised in any of her four complaints—involving the purported experience of another broker and identifying lawsuits filed in different jurisdictions

7

(which are either pending a motion to dismiss decision, awaiting forthcoming motions to dismiss, or have not been pursued by the plaintiffs who filed them). Objections at 4.

New issues—let alone unpled facts—may not be raised for the first time in objections to a report and recommendation. *See Fryman v. Dudek*, 24-cv-13, 2025 U.S. Dist. LEXIS 36010, at *2 (W.D. Tex. Feb. 28, 2025) (adopting magistrate judge's R&R and overruling plaintiff's objections which "impermissibly raise[] new issues not placed before the magistrate judge for consideration"); *Manning v. Merrill Lynch Pierce Fenner & Smith Inc.*, No. 23-cv-475, 2024 U.S. Dist. LEXIS 133610, at *4 (E.D. Tex. July 29, 2024) ("To the extent that plaintiff treats the filing of objections as an opportunity to allege new facts not in his original complaint, such action is improper.").

Nor can these "facts" be properly classified as "new." According to Plaintiff, the unrelated broker—Chris Clerihew—was "exclu[ded]" from the MLS in August 2024 (Objections at 8), long before Plaintiff filed her TAC in January 2025. Plaintiff also lists various lawsuits, filed prior to her January 2025 TAC, and argues that these unrelated actions somehow support her action. *Id.* at 4. These facts are irrelevant, but they are also waived. *See Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994) (explaining that arguments first raised in objections before the district court, that could have been raised before the magistrate judge, were waived); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (holding that the district court need not consider issues raised for the first time in objections to magistrate's report and recommendation).

And even if the facts raised for the first time in Plaintiff's Objection could be properly raised at this juncture, they are irrelevant to Plaintiff's allegations in this litigation and do not cure the deficiencies she argues they do, as described above.

8

At several points Plaintiff inaccurately accuses Magistrate Judge Ray of disregarding the leniency provided to pro se plaintiffs. *See, e.g.*, Objections at 1, 2, 4, 7. But Plaintiff has been afforded leniency throughout this case, including being allowed to file three amended complaints, one of which was after having the benefit of seeing Defendants' arguments for dismissal. As Magistrate Judge Ray correctly concludes, Plaintiff has pled her "best case" after multiple opportunities to amend. Findings at 17. Magistrate Judge Ray construes Plaintiff's TAC in the light most favorable to Plaintiff, but properly does not "rely on conclusional allegations or legal conclusions disguised as factual allegations." Findings at 9 (citations omitted). Magistrate Judge Ray properly concludes, after thorough analysis, that Plaintiff's case should be dismissed—regardless of Plaintiff's pro se status. *See Mays v. Archer Daniels Midland Co.*, No. 23-cv-1107, 2023 U.S. Dist. LEXIS 138058, *4 (W.D. Tenn. Aug. 8, 2023) ("While pro se litigants are afforded some leniency in legal matters, that leniency has its limits.").

## IV.   CONCLUSION

Plaintiff has failed to allege facts supporting any of her claims and fails to state a proper challenge to any aspect of Magistrate Judge Ray's Findings, Conclusions, and Recommendation. For these reasons and those set forth above, Defendants respectfully request that the Court adopt the Findings, Conclusions, and Recommendation of Magistrate Judge Ray, overrule Plaintiff's Objections, grant Defendants' Motion to Dismiss the Third Amended Complaint (ECF No. 52), and dismiss the Third Amended Complaint (ECF No. 51) in its entirety, with prejudice as to the federal claims and without prejudice to be brought in state court as to the state law claims.

Dated: June 27, 2025

WHITE & CASE LLP

*/s/ Sean Gorman*
Sean Gorman
Texas Bar No. 08218100

9

609 Main St., Suite 2900
Houston, TX 77002
Tel: (713) 496-9700
Fax: (713) 496-9701
sean.gorman@whitecase.com

*Counsel for Defendants National
Association of REALTORS® and
Wichita Falls Association of REALTORS®*

HUSCH BLACKWELL

*/s/ A. James Spung*
Chalon N. Clark
Texas Bar No. 24050045

1900 N. Pearl Street, Suite 1800
Dallas, TX 75201
Tel: (214) 999-6100
Fax: (214) 999-6170
chalon.clark@huschblackwell.com

A. James Spung (pro hac vice)
1801 Wewatta Street, Suite 1000
Denver, CO 80202
Tel: (303) 749-7200
james.spung@huschblackwell.com

*Counsel for Defendant Texas
Association of REALTORS®*

10

**CERTIFICATE OF SERVICE**

I certify that on June 27, 2025, the foregoing Defendants' Response to Plaintiff's Objections to Magistrate Judge's Findings, Conclusions, and Recommendations was electronically filed using the CM/ECF system, which will transmit a Notice of Electronic Filing to Plaintiff.

*/s/ Sean Gorman*
Sean Gorman
