IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **LUZ DE AMOR EYTALIS**, § § § **Plaintiff**, § § v. § **No. 7:24-cv-00147-O-BP** § § § **NATIONAL ASSOCIATION OF** § **REALTORS**, *et al.*, § § § **Defendants.** § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION (ECF No. 75)**

Plaintiff Luz de Amor Eytalis, proceeding pro se, respectfully submits this reply to Defendants' Response (ECF No. 75, filed June 27, 2025) to her Objections (ECF No. 74, filed June 13, 2025) to Magistrate Judge Hal R. Ray, Jr.'s Findings, Conclusions, and Recommendation (FCR, ECF No. 73, filed June 9, 2025). Plaintiff requests Judge O'Connor deny Defendants' Motion to Dismiss (ECF No. 52), allow discovery, or grant leave to amend.

**I. INTRODUCTION**

Defendants' Response (ECF No. 75) mischaracterizes Plaintiff's amendment history and the novelty of new facts, failing to undermine her objections. Plaintiff's Third Amended Complaint (TAC, ECF No. 51) was her only substantive amendment, with ECF No. 11 correcting a defendant's name and ECF No. 36 being non-substantive. The post-TAC discovery of broker Chris Clerihew's August 2024 exclusion, and a new report this week (June 2025) of

another broker denied hiring a licensed assistant without paying full WFAR membership dues, suggest systemic harm, justifying amendment and discovery.

## II. ARGUMENT

### A. Plaintiff's Single Substantive Amendment Supports Leave to Amend

Defendants erroneously claim Plaintiff had "four opportunities to plead" (ECF No. 75, p. 5), citing ECF Nos. 1, 11, 36, 51. Plaintiff's first amendment (ECF No. 11) corrected a defendant's name, not facts, and ECF No. 36 was a procedural filing, not a complaint. The TAC (ECF No. 51) was Plaintiff's sole substantive amendment, responding to Defendants' first motion to dismiss. This distinguishes Plaintiff's case from *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999), as she has not exhausted amendment opportunities. The Fifth Circuit favors amendment for pro se plaintiffs, particularly in complex antitrust cases (*Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); *Great Plains Tr. Co. v. Morgan Stanley*, 313 F.3d 305, 329 (5th Cir. 2002)).

### B. Post-TAC Facts Justify Amendment and Discovery

Defendants argue Clerihew's experience and pending lawsuits (*Hardy*, *DeYoung*, etc.) are improper as unpled and waived (ECF No. 75, pp. 10-11; *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994)). Plaintiff learned of Clerihew's August 2024 exclusion after filing the TAC (January 23, 2025), and this week (June 2025) another broker reported being denied hiring a licensed assistant without paying full WFAR membership dues, indicating a pattern of exclusion. These new facts, unavailable earlier, justify amendment (*Foman v. Davis*, 371 U.S. 178, 182 (1962)). Clerihew's $1.2 million loss (TAC ¶ 11) and the new broker's experience suggest systemic harm to independent brokers, necessitating discovery to identify other affected brokers (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). *Diaz v. NAR* (C.D. Cal., No. 2:25-

cv-01594, filed June 9, 2025) post-dates the TAC, further supporting amendment. Pro se leniency requires considering these facts for amendment and discovery (*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### C. Plaintiff's Objections Show Plausible Claims

Defendants claim Plaintiff's objections lack specificity and fail to show market-wide harm, a relevant market, agreement, or tying (ECF No. 75, pp. 7-10). Plaintiff's objections (ECF No. 74) cite TAC ¶¶ 9, 11, 17 ($5.8M damages), Clerihew's loss, the new broker's exclusion, and six lawsuits, showing systemic harm (*Realty Multi-List, Inc. v. Am. Home Realty*, 629 F.2d 1351, 1360 (5th Cir. 1980)). The Wichita Falls MLS's dominance (TAC ¶ 7) satisfies *Seidenstein v. Nat'l Med. Enters.*, 769 F.2d 1100, 1106 (5th Cir. 1985), and bylaw enforcement suggests a scheme (*Golden Bridge Tech., Inc. v. Motorola*, 547 F.3d 266, 271 (5th Cir. 2008)). Discovery (WFAR emails, NAR directives, membership records) will prove intent and harm.

### D. No Prejudice to Defendants

Amendment causes no prejudice, as no jury is involved, and discovery has not commenced (*Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997)). Denying amendment risks Plaintiff's $5.8M justice right, constituting reversible error (*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)).

### III. CONCLUSION

Plaintiff's single substantive amendment and post-TAC facts (Clerihew, new broker, *Diaz*) justify amendment and discovery under FRCP 15(a)(2). Plaintiff requests Judge O'Connor deny ECF No. 52, allow discovery, or grant amendment, retaining state claims if federal claims proceed.

**DATED**: June 27, 2025
**/s/ Luz de Amor Eytalis**
Luz de Amor Eytalis, Pro Se
4200 Fairway Boulevard
Wichita Falls, TX 76308
Phone: 940-257-3875
Email: louallen76@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on June 27, 2025, this was filed via CM/ECF, notifying Sean Gorman (sean.gorman@whitecase.com) and Chalon Clark (chalon.clark@huschblackwell.com).

**/s/ Luz de Amor Eytalis**

**NOTICE OF AI USE**

This document was prepared with assistance from Grok, an AI tool created by xAI, to aid in drafting and organizing arguments. All factual assertions and legal arguments were provided or reviewed by Plaintiff to ensure accuracy and compliance with court requirements.